UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

CENTRAL DIVISION



\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

| | |
|---|---|
| JONATHAN DOE, a minor, by and through DOROTHY DOE, his legal guardian and next friend,<br><br>　　　　　Plaintiff,<br><br>　-vs-<br><br>TODD COUNTY SCHOOL DISTRICT; MICHAEL V. BERG, Assistant Principal of Todd County High School, VICTORIA SHERMAN, Principal of Todd County High School, and RICHARD BORDEAUX, Superintendent of Schools, in their individual and official capacities,<br><br>　　　　　Defendants. | CIV 07-3029<br><br><br><br><br><br>ORDER AND OPINION |

\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*\*

Plaintiff has filed a motion to strike the defendant's second answers. Defendants, all of whom are represented by Tieszen Law Office as to all claims, filed an answer as to "Todd County School District, and defendants Berg, Sherman and Bordeaux in their official capacities" on July 17, 2007. The answer is 14 pages long and includes a separate answer as to each of the plaintiff's 41 separate allegations set forth in the complaint, along with seven separate affirmative defenses. On that same date, defendant Bordeaux filed an answer "in his individual capacity." That answer is, in all material respects, identical to the answer previously filed. The only difference is that defendant Bordeaux's second answer alleges that certain paragraphs do not allege any action on his part in his individual capacity.

During the next month, defendants filed an answer of defendant Sherman "in her individual capacity," an "amended" answer of Richard Bordeaux "in his individual capacity," an "amended" answer of defendants Todd County School District and defendants Berg, Sherman

and Bordeaux "in their official capacities," and an answer of defendant Berg "in his individual capacity." Each of the answers filed included progressively more pages.

Plaintiff contends, and I agree, that the separate answers of defendants Berg, Sherman and Bordeaux as to the claims made against them "in their individual capacities" are redundant and in violation of Fed. R. Civ. P. 7(a), which allows each defendant to file "an answer," not as many answers as there are claims. What defendants hoped to accomplish by filing verbose and redundant pleadings escapes this Court.

Defendants contend that the motion to strike is untimely, in violation of Fed. R. Civ. P. 12(f). This matter is even more confusing because defendants contend that plaintiff was required to file his motion to strike within 20 days of the service of the complaint upon defendant Berg, which date was August 3, 2007. Defendant Berg did not file the offending second answer until August 17, 2007. Defendants do not explain why the plaintiff should be required to file an objection to an answer within 20 days of the date of service of the complaint. In any event, plaintiff attached a copy a letter sent to counsel for defendants, attempting to resolve the matter of the filing of two answers on behalf of each defendant informally. Certainly, the Court expects the parties to resolve matters informally prior to requesting Court intervention. In some cases, the parties are required to do so by virtue of my Standard Operating Procedures. Whether or not the motion to strike was timely, Rule 12(f) authorizes me to strike any pleading on my own.

As to the amended pleadings, defendants have not indicated in any manner what the nature of the amendments were. I do not have the time to sift through over 30 pages of answers trying to discern the differences between them and determine what amendments have been made. Likewise, I do not have the time to sift through 30 pages of each of the separate answers of the three individual defendants to determine what minor differences may exist between their answers in their individual capacities and their answers in their official capacities. Plaintiff likewise objects to the prospect of having to do so.

I agree that the defendants' actions in filing two separate answers as to each of the individual defendants, which answers are nearly identical and redundant, violate both the Rules of Civil Procedure as well as common sense and common pleading practice. In the thirty years I practiced law and since taking office, I have not previously seen what was attempted to be done

here. The motion to strike should be granted with the defendants to be given ten days to file one answer as to all defendants.

Now, therefore,

IT IS ORDERED that the motion, Doc. 14, to strike, is granted with defendants to be permitted to file and serve one answer for all defendants within ten days of the filing of this order. All previously filed answers and amended answers are a legal nullity and are stricken.

Dated this 27th day of May, 2008.

                                                BY THE COURT:

                                                CHARLES B. KORNMANN
                                                United States District Judge

ATTEST:
JOSEPH HAAS, CLERK

BY: _____
                    DEPUTY
    (SEAL)